IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZACHARY GEROUX, | * |
| Plaintiff, | * |
| v. | *   Civil No. TJS-22-3107 |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

* * * * * *

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss or for Summary Judgment ("Motion") (ECF No. 21) filed by Defendant the United States of America ("Government").[1] Having considered the submissions of the parties (ECF Nos. 21, 24 & 25), the Court finds that a hearing is unnecessary, and the Motion is ripe for decision. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.   Background**

Plaintiff is proceeding *pro se*. On August 1, 2022, Plaintiff filed a complaint against Shannon Chester ("Ms. Chester") in the District Court of Maryland for Montgomery County, Case No. D-06-CV-22-015927. ECF No. 5. The Government removed the case to federal court and the Court subsequently granted the Government's Motion to Substitute the United States for Ms. Chester pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. ECF Nos. 4 & 14. Plaintiff is an employee in the office of the National Nuclear Security

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 20.

Administration ("NNSA"), where he worked with Ms. Chester. On November 5, 2021, Ms. Chester and another coworker filed a formal complaint regarding the workplace behavior of several coworkers, including Plaintiff. ECF No. 21 at 2. Plaintiff alleges that in so doing, Ms. Chester made false claims against Plaintiff that caused him to be relocated to another office, lose out on performance awards, miss the opportunity to be promoted, and lose respect from senior management within the NNSA office. ECF No. 5.

## II.   Discussion

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *Richardson v. Mayor & City Council of Baltimore*, No. RDB-13-1924, 2014 WL 60211, at *2 (D. Md. Jan. 7, 2014). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.

There are two ways to present a 12(b)(1) motion to dismiss. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "A defendant may either contend (1) that the complaint fails to allege facts upon which subject matter jurisdiction can be based; or (2) that the jurisdictional facts alleged in

2

the complaint are untrue." *Id.* The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768. When a defendant makes a facial challenge to subject matter jurisdiction, as the Government does here, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams*, 697 F.2d at 1219. "In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

3

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### B.  FTCA Administrative Exhaustion

The Federal Torts Claims Act ("FTCA") waives the United States' sovereign immunity and subjects it to tort liability for claims of "money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" when certain conditions are satisfied. 28 U.S.C. § 1346(b)(1); *see Fraiser v. United States*, No. PX-16-2505, 2017 WL 1632414, at *2 (D. Md. May 2, 2017). Where Congress waives sovereign immunity "the circumstances of its waiver must be scrupulously observed and not expanded by the courts." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). The FTCA requires an injured party to submit an administrative claim "in writing to the appropriate federal agency within two years after such claim accrues." *See* 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). Presenting the claim is a prerequisite to commencing an action in court. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (citing 28 U.S.C. § 2675(a)).

A party's claim must be submitted in careful compliance with the FTCA's implementing regulations. *See Kokotis* 223 F.3d at 278. A party properly presents its claim by submitting "an executed Standard Form 95 or other written notification of an incident" to the pertinent Federal agency. 28 C.F.R. § 14.2(a). The claimant satisfies the requirements where the written statement "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on her claim." *Ahmed*, 30 F.3d at 517 (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)).

A plaintiff's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction and requires dismissal for lack of jurisdiction. *See Kokotis*, 223 F.3d at 278-79, 281 (affirming dismissal for lack of jurisdiction where plaintiff failed to complete the Standard Form 95 with a request for a sum certain as required by the FTCA's implementing regulations); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (noting that the court would have "no jurisdiction to hear the case because [plaintiff] failed to first submit those claims as administrative claims and exhaust her administrative remedies"); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (affirming dismissal of case due to lack of exhaustion and holding that filing suit in state court does not satisfy the administrative claim requirement). The burden of proving subject matter jurisdiction is on the plaintiff, "the party asserting jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Scapes v. McKimm*, No. CIV. WDQ-09-2231, 2009 WL 4726613, at *2 (D. Md. Dec. 1, 2009) (holding the plaintiffs failed to meet their burden where they admitted they did not file a claim with the appropriate agency).

### C. Administrative Exhaustion

The Government first argues that Plaintiff's failure to file an administrative claim to the NNSA and exhaust his administrative remedies bars this lawsuit. *See* ECF No. 21 at 6-7. The

Government notes that Plaintiff did not allege in his complaint that he timely submitted a Standard Form 95 in connection to his claim, and that he has set forth no evidence that he presented an administrative claim to the NNSA at all. *See id*. Exhaustion is a jurisdictional requirement; therefore, "a motion to dismiss on the ground that the plaintiff did not meet this requirement is decided under Rule 12(b)(1), and a court deciding a 12(b)(1) motion 'may consider evidence outside the pleadings[.]'" *Smith v. United States Dep't of Just.*, No. DKC-22-2005, 2023 WL 2864960, at *2 (D. Md. Apr. 10, 2023) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). The Government attached to its Motion affirmative proof that Plaintiff did not submit an administrative claim to the NNSA. ECF No. 21-5 (verifying, "based on reasonable inquiry, and confirmation from the Agency's Employee Relations Department" that "Mr Geroux did not exhaust the administrative remedies available to him in relation" to his claim in this case). Because Plaintiff bears the burden to prove that he complied with the administrative claim requirements, and because the FTCA's exhaustion requirements must be strictly applied, the Government argues that Plaintiff's claim must be dismissed. *See* ECF No. 21 at 6-7.

Plaintiff responds that the FTCA does not cover this case because Ms. Chester was not acting within the scope of her duties when she reported Plaintiff to senior management, and his claim is therefore not subject to the FTCA's exhaustion requirement. *See* ECF No. 24 at 5. To the extent that Plaintiff addresses the Government's argument about failure to submit an administrative claim, Plaintiff asserts that he contacted senior management, reported the issue to human resources, and corresponded with the NNSA General Counsel office. *See id.* at 7. Plaintiff does not assert in his Complaint or in his Opposition to the Motion that he ever submitted a Standard Form 95 or other notification of his claim to the NNSA. See ECF Nos. 5 & 24.

As a preliminary matter, this Court previously determined the issue of whether Ms. Chester was acting within the scope of her employment. In its Motion to Substitute (ECF No. 4), the Government provided a Certification signed by United States Attorney Erek Barron (under the authority delegated to him by the Attorney General) that "the individual Defendant, Shannon Chester, acted within the scope of her employment as an employee of the United States at the time that the Plaintiff's claims arose." ECF No. 4-1. In its December 12, 2022 Order (ECF No. 14), the Court substituted the United States of America for Ms. Chester as the defendant under the FTCA. Plaintiff's argument as to whether the case may proceed under the FTCA is therefore moot. Nonetheless, the Court rejects Plaintiff's argument that Ms. Chester was not acting within the scope of her employment as meritless.

As to Plaintiff's lack of exhaustion of administrative remedies, the record is devoid of any evidence that Plaintiff submitted an administrative claim to the NNSA, which is required to prevail. *Ahmed v. United States*, 30 F.3d at 516. Under the regulations, a claimant must provide (1) "written notice sufficient to cause the agency to investigate," and (2) a request for a "sum certain" value of the claim. *Ahmed*, 30 F.3d at 517; 28 C.F.R. § 14.2(a). For the first prong, the question is "whether, in light of all the circumstances of a particular case, the notice afforded the Government by the claimant is sufficient." *Drew v. United States*, 217 F.3d 193, 198 (4th Cir.), *aff'd en banc by equally divided court*, 231 F.3d 927 (4th Cir. 2000), *cert.* denied, 532 U.S. 1037 (2001); *Wood v. United States*, 209 F. Supp. 3d 835, 840 (M.D.N.C. 2016) (same); *see generally Panghat v. Baltimore Veterans Affs. Med. Ctr.*, No. ELH-19-994, 2019 WL 7281952, at *18 (D. Md. Dec. 27, 2019). For the United States to assess its exposure to liability, "a claimant must provide a sufficient factual predicate so that his claim can be investigated." *Id.* (citing *Richland–Lexington Airport Dist. v. Atlas Properties, Inc.*, 854 F. Supp. 400, 412 (D.S.C. 1994). The second

7

prong requires the claimant to specify a sum certain in his claim. Failure to do so "deprives a district court of jurisdiction over any subsequently filed FTCA suit." *Kokotis*, 223 F.3d at 278; *see Blake v. United States*, No. RDB-22-0540, 2023 WL 3173895, at *4 (D. Md. May 1, 2023) (dismissing the plaintiff's complaint due to lack of subject matter jurisdiction resulting from failure to include a sum certain). Additionally, the claimant must ensure that his claim reaches the appropriate agency. Merely mailing the claim is not enough to satisfy presentment; "there must be evidence of actual receipt." *Rhodes v. United States*, 995 F.2d 1063 (4th Cir. 1993) (citing *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) (finding plaintiff's claim was barred for lack of exhaustion where she allegedly sent her claim timely to the Veteran's Administration but it was never received); *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981) (finding plaintiff's lawsuit was barred where the plaintiff sent some information to the administration but failed to send the claim form itself)).

It is undisputed that the NNSA is the administrative agency that employed Plaintiff and would thus be the appropriate agency for Plaintiff to submit his claim. Plaintiff submitted nothing to the NNSA, let alone the Standard Form 95 form or an equivalent that satisfies the requirements of the FTCA's implementing regulations. *See Kokotis* 223 F.3d at 278; 28 C.F.R. § 14.2(a). His efforts did not include a "written notice sufficient to cause the agency to investigate," or a request for a "sum certain" value of the claim, both of which are necessary elements of an administrative claim under the FTCA. 28 C.F.R. § 14.2(a). Instead, Plaintiff spoke with senior management in his office, the general counsel of the NNSA, the office of the Ombudsmen, the Equal Employment Opportunity office, and a private attorney. *See* ECF No. 24 at 16. Plaintiff asserts that in all these communications he was "either flat out ignored or told there was nothing [he] could do." *Id.*

While the Court is sympathetic to Plaintiff's efforts to resolve the issues he was facing, filing an administrative claim is a jurisdictional requirement and may not be waived. *Henderson*, 785 F.2d at 123. The Government filed its Motion under Rule 12(b)(6) for failure to state a claim. ECF No. 21. However, a motion to dismiss for lack of subject matter jurisdiction is properly presented under Rule 12(b)(1). *See Adams*, 697 F.2d at 1219. Under 12(b)(1), the court weighs the evidence to determine its jurisdiction '[u]nlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder." *Id.* Despite the Government failing to assert the correct ground for dismissal, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court holds that Plaintiff failed to satisfy the requirement of filing an administrative claim with the appropriate government agency. Therefore, the Government's Motion is granted on the ground that Plaintiff did not exhaust his administrative remedies.

### D.  Intentional Torts Exception Under the FTCA

Even if Plaintiff had submitted a claim to the NNSA and exhausted his administrative remedies, the Government would prevail on its second argument. The Government asserts that Plaintiff's claim is barred because the FTCA does not waive sovereign immunity for intentional torts, including defamation. *See* ECF No. 21 at 7-8. The Government argues that Plaintiff's allegations that Ms. Chester made false claims about his unprofessional behavior thus fall into the intentional tort exception to the FTCA's waiver of sovereign immunity. *Id.* at 8. Plaintiff responds that Ms. Chester's false statements were not part of her official duties and are therefore not within the purview of the FTCA. *See* ECF No. 24 at 9. Plaintiff also asserts that Ms. Chester was the "impetus" for the management inquiry, which was "based on the false claims that [Plaintiff] had been unprofessional and hostile toward her." *Id.* at 10. As previously stated, the Court already

9

determined that Ms. Chester had acted in the scope of her employment when it substituted the United States of America for Ms. Chester as the defendant in this matter. *See* ECF No. 14.

Under the FTCA's intentional tort exception, the United States is not liable for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel*, *slander*, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680 (emphasis added). Defamation includes libel and slander, so "[d]efamation is not actionable under the FTCA." *Popovic v. United States*, 175 F.3d 1015 (4th Cir. 1999) (citing 28 U.S.C. § 2680(h)); *see also Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir. 1991). Defamation is actionable when the following is present: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Talbert*, 932 F.2d at 1066 (citing Restatement (Second) of Torts, § 558 (1977)). In *Talbert*, the plaintiff did not specifically allege defamation; however, the court found the communication itself caused the injury and consequently held that "[a]rtful pleading cannot alter the fact that his claim resound[s] in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly." *Talbert*, 932 F.2d at 1066-67 (internal quotations omitted).

Here, Plaintiff alleges in his Complaint that Ms. Chester falsely stated that Plaintiff displayed unprofessional behavior, which resulted in loss of performance awards, a promotion, and respect from coworkers. ECF No. 5. While Plaintiff did not explicitly assert defamation, he checked the box for "tort" in his initial state court complaint and he alleges that Ms. Chester's communication caused his injuries. ECF No. 5 at 1. Subsequently, in his opposition to the Government's Motion, Plaintiff outlines the elements of a defamation claim under Maryland law,

arguing that his claim satisfies the requirements. *See* ECF No. 24 at 11-16. In the case of *Dibble v. United States*, the court found that a plaintiff's complaint alleged defamation against the United States. No. PX-22-2905, 2023 WL 4108265, at *2 (D. Md. June 21, 2023). The court dismissed the case for lack of subject matter jurisdiction because "FTCA makes plain that [sovereign] immunity is *not* waived for claims arising out of libel or slander, which includes defamation." *Id.* (internal quotes omitted). Because Plaintiff's claim against the United States is one for defamation, he is barred from proceeding with his lawsuit on this basis in addition to his failure to exhaust administrative remedies. Accordingly, the Government's Motion will be granted on this alternative ground.

### III. Conclusion

For the reasons set forth above, Defendant's Motion (ECF No. 21) is **GRANTED,** and this case is **DISMISSED WITHOUT PREJUDICE**.[2]

Date: July 27, 2023

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

[2] In light of the Court's rulings on the Government's other arguments, the Court declines to address the Government's argument that Plaintiff fails to state a plausible defamation claim.